**SO ORDERED.**

**SIGNED this 24 day of July, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GOLDSMITH'S INC., | ) | Case No. 03-13105 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| STEVEN L. SPETH, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 05-5393 |
| | ) | |
| TURNKEY PROJECT SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This case comes before the court on trustee's motion for summary judgment. (Doc. 14.) Trustee's motion is GRANTED for the reasons set forth herein.

## I. FACTS[1]

Goldsmiths, Inc. ("Debtor") employed Turnkey Project Services, LLC, ("Defendant") to move some furniture at Debtor's office in Corpus Christi, Texas. (Doc. 15, exh. A.) Defendant completed the work on December 6, 2002, and prepared an invoice for the work on December 9, 2002. (Doc. 15, exh. A.) Defendant did not receive payment from debtor until March 18, 2003. (Doc. 15, exh. B.) On June 10, 2003, debtor filed its bankruptcy petition. (Doc 15, exh. C.) Bankruptcy trustee Steven L. Speth ("Plaintiff") filed a complaint with the court on May 26, 2005, objecting to the payment from debtor to defendant as a fraudulent transfer under 11 U.S.C. § 548. (Doc. 1.) Defendant in its answer raised its defenses under the preference statute, 11 U.S.C. § 547(c)(2). (Doc. 8.) Plaintiff then filed a motion for summary judgment, asserting he was entitled to avoid the transfers as a preference.

## II. MOTION FOR SUMMARY JUDGMENT

The parties are familiar with the standards pertaining to summary judgment. Because defendant has failed to respond, there are no facts in dispute. Neither party has objected to resolution of this matter by way of summary judgment.

## III. ANALYSIS

There are two issues to be addressed. First, the court must determine whether it can rule on plaintiff's motion when the motion asserts a different statutory basis for its claim than that specified in the complaint. (Docs. 8, 14, 15.) The court concludes that it can.

Under Fed. R. Civ. P. 56(a) summary judgment is appropriate for "a party seeking to recover under a claim..." One could make the argument in this case that plaintiff is not seeking relief under

---

[1] Defendant failed to respond to plaintiff's motion for summary judgment. The court will consider plaintiff's facts uncontroverted.. See Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996)

a claim since the claim was never made in the complaint. However, the court focuses on Fed. R. Civ. P. 61, which reads, in part

> The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

In this case, the error was plaintiff's error in referencing two different statutes in his complaint and motion. To rule on this motion would not prejudice either party. Defendant has failed to file a response to trustee's motion; moreover, defendant's answer to the complaint asserts defenses as though plaintiff brought his claim under § 547. Because defendant anticipated plaintiff's claim under § 547, allowing plaintiff to proceed with that claim cannot be prejudicial.

The next issue is whether plaintiff is entitled to summary judgment. The facts are undisputed and the question is one of law; therefore, summary judgment is appropriate. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

Plaintiff argues that the transfer from debtor to defendant was preferential in that it was made less than 90 days before debtor filed its bankruptcy petition, in violation of 11 U.S.C. § 547(b)(4)(A). The transfer occurred within the 90 days. Debtor transferred the money to defendant on March 18, 2003, and debtor filed for bankruptcy on June 10, 2003.

The court must consider whether an applicable exception to the trustee's avoiding powers under 11 U.S.C. § 547(c) is supported by the record. Per the uncontroverted facts, this transfer was for the services rendered by defendant on December 6, 2002. Further, this transfer was not made in the ordinary course of business. The evidence shows that not only was debtor late in paying the debt, but was more than 90 days late. Defendant's invoice states payment was due upon receipt, but debtor did not make payment until more than 90 days after debtor received the invoice. (Doc. 15, exh. A.) This supports the argument that this transfer was not made according to the ordinary

business terms of defendant under § 547(c)(2)(C).

Because debtor's transfer does not fall within an exception enumerated in § 547(c), the court finds plaintiff may avoid the transfer as preferential. Therefore, plaintiff is entitled to judgment as a matter of law.

## IV. CONCLUSION

The Court therefore GRANTS plaintiff's motion for summary judgment. (Doc. 14.) It is SO ORDERED.

# # #